Order Entered May 1, 2009:

Leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we reverse the July 3, 2007, judgment of the Court of Appeals on the issue of Detroit Edison Company (Edison) recovering a portion of the control premium that DTE Energy paid to acquire MCN Energy, and we affirm the Court of Appeals judgment that “transmission costs” may be recovered through a power supply cost recovery (PSCR) clause on different grounds. The Public Service Commission (PSC) excluded the control premium costs from Edison’s general rate. On appeal, Edison bore the burden “to show by clear and satisfactory evidence that the order of the commission complained of is unlawful or unreasonable.” MCL 462.26(8); see MCL 460.4 (adopting MCL 462.26 standards). Judicial review of administrative agency decisions must “not invade the province of exclusive administrative fact-finding by displacing an agency’s choice between two reasonably differing views.” Employment Relations Comm v Detroit Symphony Orchestra, 393 Mich 116, 124 (1974); see also In re Payne, 444 Mich 679, 692-693 (1994) (“When reviewing the decision of an administrative agency for substantial evidence, a court should accept the agency’s findings of fact, if they are supported by that quantum of evidence. A court will not set aside findings merely because alternative findings also could have been supported by substantial evidence on the record.”). The Court of Appeals did not give due deference to the PSC’s findings of fact, and Edison failed to meet its burden. Accordingly, we reinstate the PSC’s decision excluding the control premium costs from Edison’s general rates. The Court of Appeals also held that “[pjayments made by Edison for transmission costs ... are necessarily ‘transportation costs,’ and therefore are properly recoverable in a PSCR clause.” In re Detroit Edison Application, 276 Mich App 216, 229 (2007). Electric utilities can recover two types of power supply costs through a PSCR clause: (1) “booked costs, including transportation costs, reclamation costs, and disposal and reprocessing costs, of fuel burned by the utility for electric generation”; or (2) “booked costs of purchased and net interchanged power transactions.” MCL 460.6j(l)(a). The Court of Appeals interpretation does not give any meaning to the limitation that the “transportation costs” must be those “of fuel burned by the utility for electric generation.” (Emphasis added.) However, the second clause, “booked costs of purchased and net interchanged power transactions,” is a technical phrase that has acquired a “peculiar and appropriate” meaning in the regulation of electric utilities to include “transmission costs” charged by third parties. MCL 8.3a; see In re Wisconsin Electric Power Co, unpublished opinion and order of the Public Service Commission, issued September 16, 2002 (Case No. U-12726), at 16. Accordingly, it “shall be construed and understood according to such peculiar and appropriate meaning,” MCL 8.3a, and the PSC did not err in permitting Edison to recover transmission costs through its PSCR clause. The Court of Appeals affirmance of the PSC decision is thus affirmed on this alternate ground. Reported below: 276 Mich App 216.